UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ASTORIA MARINE CONSTRUCTION COMPANY,<br><br>Defendant. | Civil No. 3:19-cv-337<br><br>COMPLAINT |

INTRODUCTION

1. This is a civil action by plaintiff the United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), under Section 107(a) and 113(g)(2), of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9607(a), 9613(g)(2), against Astoria Marine Construction Company ("Defendant").

2. Plaintiff seeks to recover response costs EPA incurred in responding to releases and threats of releases of hazardous substances at or from the Astoria Marine Construction Company Superfund Site ("Site") in Astoria, Oregon.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to Sections 107(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9607(a) and 9613(b), and 28 U.S.C. §§ 1331 and 1345.

4. Pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. § 1391(b), venue is proper in this district because the releases or threatened releases of hazardous substances that give rise to the claims occurred in this judicial district.

## DEFENDANT

5. Defendant is an Oregon corporation with its primary place of business in Astoria, Oregon. Defendant is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

## RELEVANT FACTS

6. Defendant was founded in 1924 to manufacture and repair wooden-hulled ships and boats at the Site. It has operated at the Site since its founding.

7. Under Defendant's ownership and operation, Site operations have included sandblasting and painting, resulting in the release and disposal of hazardous substances including heavy metals.

8. In 1996, the Oregon Department of Environmental Quality detected metals in Site soil and found petroleum in Site water.

9. In 1999, EPA completed a preliminary assessment, which concluded that further investigation was warranted. In 2008 and 2009, EPA performed a phased site investigation.

10. In March 2011, EPA proposed the Site for placement on the National Priorities List (NPL). The NPL is a national list of hazardous waste sites posing the greatest threat to human health, welfare, and the environment.

11. In 2012, EPA agreed to defer listing the Site on the NPL to allow the State of Oregon to take the lead on completing the cleanup. Since then, the Oregon Department of Environmental Quality has acted as the lead agency overseeing Site cleanup. Cleanup activity at the Site is on-going.

## LEGAL BACKGROUND

12. Sections 104(a) and (b) of CERCLA, 42 U.S.C. §§ 9604(a) & (b), provide that whenever any hazardous substance is released into the environment, or there is a substantial threat of a release, the President is authorized to act, consistent with the National Contingency Plan, to remove or arrange for the removal of such hazardous substance, and to undertake such investigations, monitoring, surveys, testing or other information gathering as necessary to identify the existence and extent of the releases and the extent of the danger to public health or welfare or to the environment.

13. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides, in pertinent part:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section --
>
> > (1)  the owner or operator of a vessel or a facility,
> >
> > (2)  any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,
> >
> > > * * *
> >
> > shall be liable for –

>  (A) all costs of removal or remedial action incurred by the United States Government or a State or an Indian Tribe not inconsistent with the national contingency plan . . .

14.     Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), provides: "In any such action described in this subsection, the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages."

## GENERAL ALLEGATIONS

15.     The Site and the places where hazardous substances released from the Site have come to be located each constitute a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

16.     Hazardous substances, within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), have been generated, treated, stored, or disposed of at the Site.

17.     There are and were, within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), releases and threatened releases of hazardous substances into the environment at and from the Site.

18.     As a result of the releases or threatened releases at and from the Site, the United States incurred "response" costs as defined in Sections 101(25) and 107(a) of CERCLA, 42 U.S.C. §§ 9601(25) and 9607(a), for actions taken in response to the releases or threatened releases from the Site. The United States may continue to incur response costs in connection with the Site.

19.     To date, the costs incurred by the United States pursuant to CERCLA Section 104, 42 U.S.C. § 9604, in responding to releases or substantial threats of release of hazardous

substances at the Site total at least $650,000. The funds required to pay the United States' costs have been drawn from the Hazardous Substances Superfund. *See* 26 U.S.C. § 9507.

20. The United States has not been reimbursed for all of the response costs it incurs for the Site.

21. The response costs incurred by the United States were incurred in a manner not inconsistent with the National Contingency Plan. 40 C.F.R. Part 300.

<u>CLAIM FOR RELIEF</u>
CERCLA COST RECOVERY

22. Paragraphs 1 through 21 are incorporated here.

23. Defendant owns and operates the Facility, and operated and/or owned the Facility during the time of the disposal of hazardous substances at the Facility, within the meaning of Section 107(a)(1) and (2) of CERCLA, 42 U.S.C. § 9607(a)(1) and (2).

24. Hazardous substances have been released at and from the Facility into the environment within the meaning of Sections 101 and 107 of CERCLA, 42 U.S.C. §§ 9601, 9607.

25. The United States' actions in response to the release or threatened release of hazardous substances from the Facility constitute "removal" and "remedial" actions as defined by Sections 101(23) and 101(24) of CERCLA, 42 U.S.C. §§ 9601(23) and 9601(24), for which the United States has incurred costs.

26. Defendant is therefore liable under Section 107(a)(1) and (2) and 113(g)(2) of CERCLA, 42 U.S.C. §§ 9607(a)(2), 9613(g)(2), for all costs incurred by the United States in response to releases and threatened releases of hazardous substances at and from the Site.

<u>REQUEST FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

  A. Enter an Order holding Defendant liable to the United States under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for all costs incurred by EPA in response to releases and threats of releases hazardous substances at the Site;

  B. Enter declaratory judgment pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), holding Defendant liable under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for all costs to be incurred in the future by EPA at the Site; and

  C. Grant such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED,

NATHANIEL DOUGLAS
Deputy Chief
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
Washington, D.C.

*/s/ Katherine L. Matthews*
KATHERINE L. MATTHEWS
Senior Counsel
Environmental Enforcement Section
U.S. Department of Justice
999 18th Street
South Terrance, Suite 370
Denver, CO
(303) 844-1365
Kate.Matthews@usdoj.gov

*/s/ Alexis A. Lien*
ALEXIS A. LIEN
Assistant United States Attorney
United States Attorney's Office
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR  97204
Tel: (503) 727-1000

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
THE UNITED STATES OF AMERICA

### DEFENDANTS
ASTORIA MARINE CONSTRUCTION COMPANY

**(b)** County of Residence of First Listed Plaintiff  
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Clatsop  
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*  
Kate Matthews, US Department of Justice, 999 18th Street, South Terrace, Suite 370, Denver, CO 80202, 303-844-1365

Attorneys *(If Known)*  
Carson Bowler, Schwabe Williamson & Wyatt, 1211 SW Fifth Ave., Suite 1900, Portland, OR 97204, 503-222-9981

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS — Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- [X] 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:  
42 U.S.C. § 9601 et seq

Brief description of cause:  
Recovery of response costs at Astoria Marine Construction Company Superfund Site

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $  

CHECK YES only if demanded in complaint:  
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*  
JUDGE  
DOCKET NUMBER

DATE: 03/07/2019  
SIGNATURE OF ATTORNEY OF RECORD: /s/ Katherine L. Matthews

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE